IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAUL CARDENAS, | ) ) ) ) | No. CV-F-10-2267 OWW (No. CR-F-95-5030 OWW) |
| Petitioner, | ) ) ) | MEMORANDUM DECISION AND ORDER DISMISSING PETITIONER'S MOTION TO |
| vs. | ) ) ) | VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 |
| UNITED STATES OF AMERICA, | ) ) ) | U.S.C. § 2255 FOR LACK OF JURISDICTION, DENYING CERTIFICATE OF |
| Respondent. | ) ) ) ) | APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

On December 6, 2010, Petitioner Raul Cardenas, proceeding *in pro per*, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, asserting as grounds for relief: (1) the Government increased the amount of methamphetamine, affecting Petitioner's sentence; (2) ineffective assistance of counsel based on twelve contentions; (3) insufficient evidence of conspiracy; and (4) invalid and involuntary plea agreement.

1

Petitioner previously filed a Section 2255 motion in this criminal action on April 28, 2005, contending that the enhancements to his sentence pursuant to the Sentencing Guidelines were unconstitutional pursuant to *United States v. Booker* and *Blakely v. Washington.* Petitioner's motion was denied by Order filed on June 23, 2005 on the ground that *Booker* and *Blakely* have not been made retroactively applicable to cases on collateral review. A certificate of appealability was denied on September 20, 2005. Petitioner appealed the denial of his previous Section 2255 motion and the Ninth Circuit denied a certificate of appealability on January 19, 2006.

On May 8, 2008, Petitioner filed in this Court an application for order authorizing the District Court to consider a second or successive motion for relief under Section 2255. Petitioner's application argued that *Booker* and *Blakely* announced newly recognized rights made retroactive to cases on collateral review. By Order filed on June 8, 2009, Petitioner's application to file a second or successive Section 2255 motion was transferred to the Ninth Circuit for consideration. On June 30, 2009, Petitioner's application was denied by the Ninth Circuit. *See* Ninth Circuit Docket # 09-71799.[1]

Petitioner's second or successive Section 2255 motion is

---

[1] The Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet. *See* Fed. R. Evid. Rule 201(b); *United States v. Howard*, 381 F.3d 873, 876, fn.1 (9th Cir. 2004).

DISMISSED for lack of jurisdiction.  Section 2255(h) provides in pertinent part:  "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence or a new, retroactive rule of constitutional law.  Section 2244(b)(3)(A) states:  "Before a second or successive application permitted by the section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Without such a certificate of authorization from the Ninth Circuit, this court lacks jurisdiction to consider the merits of petitioner's claims made in the motion filed on December 6, 2010.  *Cooper v. Calderon*, 274 F.3d 1270, 1274-1275 (9th Cir.2001); *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).

For the reasons stated:

1. Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed on December 6, 2010 is DISMISSED FOR LACK OF JURISDICTION;

2. A certificate of appealability shall not issue; jurists of reason would not find it debatable that the Court is correct in its procedural ruling;

3. No further filings will be considered in this case if Petitioner does not obtain leave to file a successive petition from the Court of Appeal.

4. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

1 | IT IS SO ORDERED.

2 | **Dated:   December 20, 2010**              /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE